[Cite as *State v. Summers*, 2011-Ohio-1862.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    10CA0020-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN R. SUMMERS | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.    98-CR-0360 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1}  Shawn Summers pleaded guilty to various offenses and the trial court sentenced him to prison.  Mr. Summers served his sentence and, following his release from prison, moved the trial court to vacate his sentence and discharge him from post-release control due to an error in the trial court's journal entry.  The trial court denied the motion, and Mr. Summers has appealed.  This Court partially reverses because the trial court's journal entry contained an error in the imposition of post-release control, requiring that part of the entry to be vacated as void.

## BACKGROUND

{¶2}  Shawn Summers pleaded guilty to involuntary manslaughter, attempted murder, felonious assault, and three counts of complicity to commit felonious assault.  In August 1999, the trial court sentenced him to six years in prison and indicated in the journal entry that "post release control is mandatory in this case up to a maximum of (5) years[.]"

{¶3} Mr. Summers did not appeal the trial court's judgment. In September 2004, after serving his sentence, Mr. Summers was released to the supervision of the Ohio Adult Parole Authority. In May 2005, according to the Parole Authority, Mr. Summers was convicted in United States District Court of being a felon in possession of a firearm. At a hearing in November 2009, based on the federal conviction, Mr. Summers was found to have violated the terms of his post-release control. He was sentenced to serve 180 days in state prison as a sanction for the violation. He began serving the sanction in December 2009.

{¶4} In March 2010, Mr. Summers moved the trial court to vacate his judgment and discharge him from post-release control, arguing that the judgment was void because it did not properly impose post-release control. The trial court held a hearing and denied the motion. Mr. Summers has appealed that decision.

POST-RELEASE CONTROL

{¶5} Under Section 2967.28(B) of the Ohio Revised Code, "[e]ach sentence to a prison term for a felony of the first degree . . . shall include a requirement that the offender be subject to a period of post-release control . . . after the offender's release from imprisonment." For a felony of the first degree, the period is five years. R.C. 2967.28(B)(1). The Ohio Supreme Court has held that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void [and] must be vacated." *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, ¶22. Recently, the Ohio Supreme Court has reconsidered its precedent in this area and held that only the part of the sentence improperly imposing post-release control must be vacated as void, leaving the rest of the sentence intact. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶26-28. In many cases, a post-release control error may be easily remedied. *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, at paragraphs one and two

of the syllabus. If, however, the error is not discovered until after the offender has been released from prison, the courts no longer have authority to impose post-release control. *Id.* at ¶15-16; *State v. Bloomer*, 122 Ohio St. 3d 200, 2009-Ohio-2462, at ¶70 (citing *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, at ¶18) ("[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control.").

{¶6} In this case, the trial court sentenced Mr. Summers to a prison term for two first-degree felonies and various lesser offenses. Rather than imposing the statutorily mandated term of five years of post-release control, the trial court imposed "up to a maximum of five years." The trial court had no authority to "substitute a different sentence for that which is required by law." *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, ¶20; see also *State v. O'Neal*, 9th Dist. No. 09CA0045-M, 2010-Ohio-1252, at ¶6 (noting that sentence imposing "up to a maximum of five years" of post-release control does not meet statutory requirement of mandatory five years for a first-degree felony). Therefore, the part of the sentence addressing post-release control is void and must be vacated. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶26.

{¶7} Trial courts as well as appellate courts have "the inherent power . . . to vacate void judgments." *Cincinnati Sch. Dist. Bd. of Educ. v. Hamilton County Bd. of Revision*, 87 Ohio St. 3d 363, 368 (2000). "A court has inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity." *Van DeRyt v. Van DeRyt*, 6 Ohio St. 2d 31, 36 (1966). Regardless of whether a timely notice of appeal has been filed or whether there is a final, appealable order, an appellate court may exercise the power to vacate a void judgment. *State v. Bedford*, 184 Ohio App. 3d 588, 2009-Ohio-3972, at ¶12.

**{¶8}** Mr. Summers' assignment of error is sustained. The part of his sentence addressing post-release control must be vacated as void. Furthermore, since the post-release control error was not discovered until after Mr. Summers had completed his prison term, he cannot be re-sentenced to impose the proper term of post-release control. *State v. Bloomer*, 122 Ohio St. 3d 200, 2009-Ohio-2462, at ¶70 (citing *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, at ¶18).

## CONCLUSION

**{¶9}** Mr. Summers' assignment of error is sustained. This Court exercises its inherent power to vacate the part of the sentence that improperly imposed post-release control. The rest of the sentence shall remain intact. The judgment of the Medina County Common Pleas Court denying Mr. Summers' motion to vacate is partially reversed, its August 6, 1999, journal entry is partially vacated, and the matter is remanded. On remand, the trial court is instructed to discharge Mr. Summers from all post-release control obligations and note on the record that, because he has completed his original term of imprisonment, he will not be subject to re-sentencing.

Judgment reversed in part,
vacated in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

STEPHEN P. HARDWICK, Assistant Public Defender, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and RUSSELL A. HOPKINS, Assistant Prosecuting Attorney, for Appellee.