[Cite as *State v. Douglas*, 2011-Ohio-2380.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25564 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON WOODROW DOUGLAS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 06 01 0123 |

DECISION AND JOURNAL ENTRY

Dated: May 18, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} Jason Douglas pleaded guilty to two counts of burglary and one count of attempted burglary, and the trial court sentenced him to two years in prison. The court immediately suspended his sentence and placed him on community control. Shortly thereafter, Mr. Douglas violated community control, and the trial court re-imposed his two-year sentence. Nine months later, the court granted Mr. Douglas judicial release. A few months after that, Mr. Douglas violated the terms of his release, and the trial court ordered him to be returned to prison. According to Mr. Douglas, he has completed his prison term, but has twice been returned to prison for violating post-release control. In July 2010, he moved to terminate post-release control, arguing that the trial court did not properly impose it in its sentencing entry. The trial court denied his motion. We reverse and vacate the part of the sentencing entry that imposed post-release control.

POST-RELEASE CONTROL

**{¶2}** Under Section 2967.28(B) of the Ohio Revised Code, "[e]ach sentence to a prison term for a felony . . . of the second degree . . . shall include a requirement that the offender be subject to a period of post-release control . . . after the offender's release from imprisonment." For a felony of the second degree that is not a felony sex offense, the period is three years. R.C. 2967.28(B)(2). Under Section 2929.19(B)(3)(c) and (e), the trial court must notify the offender that he will be on post-release control after his release and that, if he violates a condition of post-release control, the parole board may impose a sentence of up to one-half of the prison term originally imposed. Both the period of post-release control and the possible violation sanctions must be "included in the judgment entry journalized by the court." *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, at ¶11.

**{¶3}** In *State v. Simpkins*, 117 Ohio St. 3d 420, 2008-Ohio-1197, ¶22, the Ohio Supreme Court held that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void [and] must be vacated." Recently, it has reconsidered its precedent in this area and held that only the part of the sentence improperly imposing post-release control must be vacated as void, leaving the rest of the sentence intact. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶26-28. In this case, the trial court correctly imposed three years of post-release control, but did not include in its sentencing entry what could happen if Mr. Douglas violated it. Accordingly, the part of Mr. Douglas's sentence imposing post-release control is vacated as void. *Id*.; *State v. Summers*, 9th Dist. No. 10CA0020-M, 2011-Ohio-1862, at ¶7 (noting this Court's inherent power to vacate a void judgment).

{¶4} The State, citing *State v. Ortiz*, 9th Dist. No. 08CA009502, 2010-Ohio-38, has argued that, because the trial court sentenced Mr. Douglas to community control, the trial court was not required to impose post-release control. In *Ortiz*, post-release control did not apply because the trial court did not sentence Mr. Ortiz to a "prison term," but only to five years community control. *Id*. at ¶11. In this case, the trial court sentenced Mr. Douglas to a prison term, but then suspended the term and placed him on community control. Accordingly, Sections 2967.28(B) and 2929.19(B)(3)(c) and (e) apply to his sentence.

{¶5} In many cases, a post-release control error may be easily remedied. *State v. Singleton*, 124 Ohio St. 3d 173, 2009-Ohio-6434, at paragraphs one and two of the syllabus. If, however, the error is not discovered until after the offender has completed his term, the courts no longer have authority to impose post-release control. *Id.* at ¶15-16; *State v. Bloomer*, 122 Ohio St. 3d 200, 2009-Ohio-2462, at ¶70 (citing *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, at ¶18) ("[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control."). The State has not disputed Mr. Douglas's assertion that he has completed his two-year prison term. Accordingly, because the post-release control error was not discovered until after Mr. Douglas completed his prison term, he cannot be re-sentenced to impose the proper term of post-release control. *Bloomer*, 2009-Ohio-2462, at ¶70 (citing *Bezak*, 2007-Ohio-3250, at ¶18). Mr. Douglas's assignment of error is sustained.

CONCLUSION

{¶6} Because the trial court did not properly impose post-release control, we exercise our inherent power to vacate the part of Mr. Douglas's sentence that imposed post-release control. The rest of the sentence shall remain intact. The judgment of the Summit County

Common Pleas Court denying Mr. Douglas's motion to terminate post-release control is reversed, its sentencing entry is partially vacated, and the matter is remanded. On remand, the trial court is instructed to discharge Mr. Douglas from all post-release control obligations and note on the record that, because he has completed his original term of imprisonment, he will not be subject to re-sentencing.

Judgment reversed,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

WHITMORE, J.
CONCURS

APPEARANCES:

JASON WOODROW DOUGLAS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.