[Cite as *State v. Leasure*, 2011-Ohio-3665.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25596 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GARY LEASURE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2002 10 3002 |

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

---

MOORE, Judge.

{¶1} Appellant, Gary Leasure, appeals his conviction in the Summit County Court of Common Pleas. This Court affirms in part and vacates in part because the trial court's journal entry contained an error in the imposition of postrelease control, requiring that part of the entry to be vacated as void.

I.

{¶2} On October 29, 2002, Mr. Leasure was indicted on two counts of burglary in violation of R.C. 2911.12(A)(2), felonies of the second degree. On November 27, 2002, he pled guilty to one count of burglary in violation of R.C. 2911.12(A)(4), a felony of the fourth degree, in exchange for the second count being dismissed. That same day, the trial court sentenced Mr. Leasure to eighteen months of imprisonment. The sentencing entry dated November 27, 2002, imposes a discretionary term of up to three years of postrelease control. Mr. Leasure completed his sentence without incident, and did not file a direct appeal.

{¶3} On August 16, 2010, Mr. Leasure filed a motion to vacate the November 27, 2002 judgment. On August 30, 2010, the trial court found that it did not have jurisdiction to declare the judgment void because Mr. Leasure had completed the sentence. He timely filed a notice of appeal and raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING MR. LEASURE'S MOTION TO VACATE THE VOID NOVEMBER 27, 2002 JUDGMENT THAT FAILED TO IMPOSE POST-RELEASE CONTROL UNDER R.C. 2967.28(B) AND R.C. 2929.19, THUS VIOLATING MR. LEASURE'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS []."

{¶4} In his sole assignment of error, Mr. Leasure contends that the trial court erred in denying his motion to vacate. He has argued that, because the trial court failed to properly notify him of postrelease control, his entire sentence is void. We disagree.

{¶5} Under Section 2967.28(C) of the Ohio Revised Code, "any sentence to a prison term for a felony of the [fourth] degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control * * * after the offender's release from imprisonment." For a felony of the fourth degree, the period is up to three years. R.C. 2967.28(C). Under R.C. 2929.19(B)(3)(c)/(e), the trial court must notify the offender that he will be on postrelease control after his release and that, if he violates a condition of postrelease control, the parole board may impose a sentence of up to one-half of the prison term originally imposed. Both the period of postrelease control and the possible violation sanctions must be "included in the judgment entry journalized by the court." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶11.

{¶6}    The Ohio Supreme Court has held that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void [and] must be vacated." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶22.  Recently, it has reconsidered its precedent in this area and held that only the part of the sentence improperly imposing postrelease control must be vacated as void, leaving the rest of the sentence intact. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26-28.  In this case, the trial court properly imposed the discretionary statutory term of up to three years of postrelease control. However, it failed to inform him that the parole board may impose a prison term up to one-half of his original prison term if he violated postrelease control.  Accordingly, the part of Mr. Leasure's sentence imposing postrelease control is vacated as void.  Id.; *State v. Summers*, 9th Dist. No. 10CA0020-M, 2011-Ohio-1862, at ¶7 (noting this Court's inherent power to vacate a void judgment).

{¶7}    In many cases, a postrelease control error may be easily remedied.  *Singleton*, 124 Ohio St.3d at paragraphs one and two of the syllabus.  If, however, the error is not discovered until after the offender has been released from prison, the courts no longer have authority to impose postrelease control.  Id. at ¶15-16; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶18 ("[O]nce an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control.").  The State has not disputed Mr. Leasure's assertion that he has completed his eighteen-month prison term.  Accordingly, because the postrelease control error was not discovered until after Mr. Leasure completed his prison term, he cannot be re-sentenced to impose the proper term of

postrelease control. *Bloomer* at ¶70, citing *Bezak* at ¶18. Mr. Leasure's assignment of error is overruled.

III.

{¶8} Mr. Leasure's assignment of error is overruled. Because the trial court did not properly impose postrelease control, we exercise our inherent power to vacate the part of the sentence that improperly imposed postrelease control. The rest of the sentence shall remain intact. The judgment of the Summit County Common Pleas Court denying Mr. Leasure's motion to vacate is affirmed, its November 27, 2002, journal entry is partially vacated, and the matter is remanded with instructions for the trial court to discharge Mr. Leasure from all postrelease control obligations and note on the record that, because he has completed his original term of imprisonment, he will not be subject to re-sentencing.

Judgment affirmed in part,<br>
vacated in part,<br>
and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties.

_____

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CONCURS

WHITMORE, J.
DISSENTS, SAYING:

{¶9} I respectfully dissent, as I would not vacate the post-release control portion of Leasure's sentence and would affirm the trial court's judgment in its entirety.

{¶10} Leasure sought to vacate his conviction under the auspices of pre-*Fischer* law, arguing that his conviction was void and he should not be made to suffer any collateral consequences that might arise as a result of its existence. It is clear from the Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, however, that Leasure's conviction is not, and was never, void due to any post-release control error his sentence contained. Leasure's primary argument is meritless because his actual conviction will stand, along with any of its collateral consequences, regardless of any post-release control error that might have occurred. The larger problem here is whether Leasure's argument even presents a justiciable controversy as a matter of law. Leasure is no longer serving any portion of his sentence or term of post-release control. He received a sentence of eighteen-months in prison and up to three years of post-release control in 2002. Both his prison and post-release control terms have long since expired. I believe that fact controls the result in this matter.

{¶11} The trial court determined that it lacked jurisdiction to address Leasure's motion to vacate his judgment because his prison and post-release control terms had expired. I agree with that rationale. The majority relies upon *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, as support for the conclusion that the trial court and this Court have the authority to reach back in cases such as this and vacate a completed term of post-release control. *Bloomer* is distinguishable, however, because all of the defendants in that case were either still in prison or still serving their post-release control terms at the time they sought to vacate their respective sentencing entries. *Bloomer* at ¶21-73. The majority does not present any authority directly on point with this case, nor has my research disclosed any. I do not believe that a court has the authority to reach back and vacate a wholly expired sentence, even if it is limited to the invalid post-release control portion of that sentence. No live controversy exists and Leasure's argument is moot. Moreover, I fear that our decision to require a vacation of a post-release control error, regardless of the age of the case, will greatly injure *Fischer's* remedial effect and reopen the post-release control floodgate. Leasure himself has identified at least two other Summit County cases where trial judges have vacated an expired term of post-release control based on motions filed years later. I do not believe that a court has the authority to do so or that the current state of the law on post-release control lends support to that result. As such, I respectfully dissent.


APPEARANCES:

WENDI L. OVERMYER and DEBRA M. HUGHES, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.