[Cite as *State v. Craft*, 2019-Ohio-4662.]

STATE OF OHIO       )                 IN THE COURT OF APPEALS
                            )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO

      Appellee

      v.

CHRISTOPHER CRAFT

      Appellant

C.A. No.      29420

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2005-07-2434-D

DECISION AND JOURNAL ENTRY

Dated: November 13, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, Christopher Craft, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to modify sentence. This Court reverses.

I.

{¶2} On November 14, 2005, the trial court accepted Mr. Craft's guilty plea and found him guilty of involuntary manslaughter in violation of R.C. 2903.04, a felony of the first degree, with a firearm specification. The trial court sentenced Mr. Craft to a total of thirteen years in prison: ten years for involuntary manslaughter and three years on the firearm specification, which the court ordered him to serve prior to and consecutively with the sentence imposed on the involuntary manslaughter charge as required by law. Relevant to this appeal is the portion of the trial court's sentencing entry stating:

> After release from prison, [Mr. Craft] is ordered subject to post-release control to the extent the parole board may determine as provided by law.

{¶3}   After completing his sentence, Mr. Craft was released from prison.  Thereafter, he filed a "motion to modify sentence."  In the motion, he asserted that the trial court erred when it sentenced him to an indefinite period of post-release control instead of imposing the statutory five-year period of postrelease control.  Consequently, Mr. Craft contended, the post-release portion of his sentence was void as a matter of law.  Mr. Craft moved the trial court for an entry vacating the "void portion of its sentence imposing an indefinite term of post[-]release control * * *."

{¶4}   The State did not oppose Mr. Craft's motion to modify sentence.  However, the trial court issued an order denying the motion, finding that Mr. Craft "had notice of the requirement of [p]ost-[r]elease [c]ontrol pursuant to the [j]ournal [e]ntry of November 14, 2005 as required by R.C. 2[96]7.28."  Mr. Craft timely appealed the trial court's decision, raising a single assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in denying the motion to modify sentence when the period of post[-]release control imposed was "to the extent the parole board may determine as provided by law" although the Revised Code mandated a term of post[-]release control of five years, and [Mr. Craft] had already completed his term of incarceration.**

{¶5}   Mr. Craft argues that the trial court erred by denying his motion to modify the portion of sentence imposing post-release control.  Citing to R.C. 2967.28(B), Mr. Craft contends that the trial court was required to advise him at sentencing that he was subject to a mandatory term of five years post-release control.  Because the trial court incorrectly advised him that he would be subject to a period of post-release control to be determined by the parole board, Mr. Craft asserts that the trial court should have recognized that the failure to properly

advise him as to the mandatory period of five years of post-release control rendered that portion of his sentence void. Further, because such an error cannot be remedied after the term of incarceration has been completed, Mr. Craft contends that the trial court should have entered an order terminating his pos-release control.

{¶6} In response, the State concedes that Mr. Craft was not properly notified of his mandatory term of post-release control in the sentencing entry. The State further concedes that, following Mr. Craft's release from prison, his sentence is not subject to correction or revision and, therefore, the judgment of the trial court should be reversed.

{¶7} When a trial court fails to impose a statutorily mandated term of post-release control as part of a defendant's sentence, that portion "of the sentence is void and must be set aside." *State v. Keyes*, 9th Dist. Lorain No. 14CA010561, 2015-Ohio-1757, ¶ 10, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26; *see State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1, 8-11 (Analyzing the requirements for providing proper notice to a defendant regarding the imposition of post-release control at a sentencing hearing and in the subsequent sentencing entry.) If the error in sentencing is not addressed until after the defendant has completed the prison term, the court then lacks the authority to impose post-release control. *Keyes* at ¶ 10, quoting *State v. Leasure*, 9th Dist. Summit No. 25596, 2011-Ohio-3665, ¶ 7.

{¶8} Upon review of the record, we agree that the trial court did not provide the statutorily required post-release control notice in its entry sentencing Mr. Craft. Therefore, the trial court erred when it denied Mr. Craft the relief requested in his motion to modify sentence. Accordingly, this Court "'remands this matter to the trial court to vacate the portion [of Mr. Craft's] sentencing entry that attempted to impose post-release control'" and hereby instructs the trial court to note on the record that, "'because [Mr. Craft] has completed his prison sentence, he

will not be subject to resentencing * * *.'"  *Id.* at ¶ 14, quoting *State v. Thomas*, 9th Dist. Summit No. 26699, 2013-Ohio-2078, ¶ 7.

III.

{¶9}    Mr. Craft's assignment of error is sustained.  The judgment of the Summit County Court of Common Please is reversed, and this matter is remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed<br>and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

MATT FORTADO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, assistant Prosecuting Attorney, for Appellee.