[Cite as *State v. Martin*, 2011-Ohio-1781.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25534 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RALPHONZO A. MARTIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 88-08-1093 |

DECISION AND JOURNAL ENTRY

Dated: April 13, 2011

---

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Ralphonzo Martin, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion for resentencing. This Court affirms.

I

{¶2}    In 1988, Martin was convicted of numerous offenses, including aggravated murder, felonious assault, aggravated robbery, and having a weapon while under disability. This Court affirmed Martin's convictions on direct appeal, *State v. Martin* ("*Martin I*") (Oct. 4, 1989), 9th Dist. No. 13954, and Martin sought post-conviction relief on several grounds in two separate petitions. The trial court ultimately denied Martin's petitions, and Martin appealed from the denial of his second petition. This Court affirmed the trial court's decision to deny the petition. *State v. Martin* ("*Martin II*") (Sept. 16, 1998), 9th Dist. No. 18607.

{¶3}    In 2010, Martin filed a motion for resentencing on the basis that his convictions were void under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256.  The State responded, and the trial court denied Martin's motion on July 23, 2010.

{¶4}    Martin now appeals from the trial court's denial of his motion and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT ERRORED (sic) WHEN IT FOUND THE GUILTY VERDICT CONSTITUTES A FINDING OF GUILTY GREATER THAN THE LEAST DEGREE OF THE OFFENSE CHARGED."

{¶5}    In his sole assignment of error, Martin argues that the trial court erred by refusing to grant his motion for resentencing.  Specifically, he argues that his convictions are void under *State v. Pelfrey*.

{¶6}    "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, at ¶59.  Martin obtained a valid, final judgment in 1988, which this Court affirmed on direct appeal.  See *Martin I*, supra.  In *Pelfrey*, the Supreme Court considered the plain language of R.C. 2945.75 and held as follows:

> "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense."  *Pelfrey* at syllabus.

Martin argues that his convictions should be vacated and he should be resentenced in accordance with *Pelfrey*.

{¶7}    Although the Supreme Court did not issue *Pelfrey* until 2007, the General Assembly enacted the portion of R.C. 2945.75 at issue in *Pelfrey* in 1974.  *Pelfrey* merely

applied the statute, as written. The record reflects, therefore, that Martin could have raised this challenge on direct appeal after he was convicted in 1988. Res judicata bars Martin from raising this argument now. See *Ketterer* at ¶59. Martin's sole assignment of error is overruled.

### III

{¶8} Martin's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
<u>CONCURS</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

**{¶9}** I concur in the majority's judgment because unlike the defendant in *State v. Pelfrey,* 112 Ohio St.3d 422, 2007–Ohio–256, at ¶4, Mr. Martin has not utilized the appropriate procedural mechanism to raise this issue in this Court.

<u>APPEARANCES:</u>

RALPHONZO A. MARTIN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.