[Cite as *State v. Gooden*, 2011-Ohio-4993.]

**IN THE COURT OF APPEALS**

**NINTH APPELLATE DISTRICT**

**SUMMIT COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. CA-25677** |
| JESSE L. GOODEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. CR 08 10 3381.

Judgment: Affirmed in part, reversed in part, and remanded.

*Sherri Bevan Walsh*, Summit County Prosecutor, and *Richard S. Kasay*, Assistant Prosecutor, Appellate Division, Summit County Safety Building, 53 University Avenue, 6th Floor, Akron, OH 44308 (For Plaintiff-Appellee).

*Jesse L. Gooden*, pro se, PID: 571-717, Richland Correctional Institution, P.O. Box 8107, Mansfield, OH 44901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J., Eleventh Appellate District, sitting by assignment.

{¶1} Appellant, Jesse L. Gooden, appeals the judgment of the Summit County Court of Common Pleas denying appellant's "Motion for Proper Sentencing Order and Final Order." We affirm in part, reverse in part, and remand the matter for further proceedings.

{¶2} In October 2008, appellant and a male passenger were sitting in a vehicle at a McDonald's parking lot in Akron, Ohio. Detective Nicholas Gray, a plainclothes

officer working with the Summit County Drug Unit, was watching the area in a truck across the street. The detective observed the two men in the vehicle with its dome light illuminated, pulled into McDonald's, and parked next to the vehicle. From his truck, Detective Gray looked into the vehicle and observed the passenger with his left hand closed and the driver with a clear, plastic baggy in his left hand.

{¶3} Detective Gray radioed Detective Michael Yavanno, another officer with the drug unit, for backup. Detective Yavanno arrived within seconds in an unmarked SUV and parked behind the suspect vehicle. Both officers approached the vehicle and addressed the occupants. Although Detective Gray advised appellant to keep the car in park, appellant suddenly reversed the vehicle, striking Detective Yavanno's SUV. Detective Gray drew his firearm, identified himself as a police officer, and ordered appellant to stop. Instead of stopping, Detective Gray stated appellant drove the vehicle directly at him. In an effort to stop the vehicle or cause it to change direction, the detective fired four rounds at the car. The vehicle immediately veered away from the officer's path, jumped a curb in the parking lot, and sped off. Appellant was eventually apprehended and arrested.

{¶4} On October 23, 2009, appellant was indicted on one count of felonious assault against a peace officer, in violation of R.C. 2903.11(A)(2), a felony of the second degree ("Count One"); one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B), a felony of the third degree ("Count Two"); and one count of vandalism, in violation of R.C. 2909.05(B)(2), a felony of the fifth degree ("Count Three"). Later, on November 10, 2008, the grand jury filed a supplemental indictment charging appellant with an additional count of felonious assault against a

2

peace officer, in violation of R.C. 2903.11(A)(2), a felony of the first degree ("Count Four"). Appellant pleaded not guilty to the charges and the matter proceeded to a jury trial. Prior to trial, the trial court dismissed Count One of the indictment.

{¶5} After trial, the jury returned a verdict of guilty on each remaining count and, after a sentencing hearing, the trial court imposed a prison term of eight years for the conviction on felony-one felonious assault on a peace officer; one year for the conviction on felony-three failure to comply; and one year for the conviction on felony-five vandalism. Appellant's sentences for felonious assault on a peace officer and failure to comply were ordered to run consecutively with each other, and the sentence for vandalism to run concurrently with that term for an aggregate sentence of nine years. Appellant appealed his conviction and, in *State v. Gooden*, 9th Dist. No. 24896, 2010-Ohio-1961, this court affirmed the jury's verdict.[1]

{¶6} On October 8, 2010, appellant filed a "Motion for Proper Sentencing Order and Final Order." On October 20, 2010, the trial court overruled the motion. Appellant now appeals, alleging the following assignment of error:

{¶7} "The Trial Court erred by improperly sentencing Appellant on (Count 4) of the Indictment for which the Jury never found him Guilty of and issue a final appealable order." (Sic.)

{¶8} Appellant argues his sentence is void because the jury convicted him of felonious assault as designated in Count One, which was dismissed, but he was

---

1. We note that in *Gooden*, this court did not mention the supplemental indictment and the court's dismissal of Count One. Instead, this court addressed appellant's charges as they existed *after* the court's dismissal of Count One in the original indictment and, in so doing, mistakenly referred to Count Four as Count One. See id. at ¶13. This error, however, was merely clerical and therefore had no bearing on our analysis or the outcome of the case.

sentenced to felonious assault as designated in Count Four. Because the court sentenced him on a crime of which he was not convicted, appellant maintains the court's judgment has no binding legal effect. We do not agree.

{¶9} Appellant was originally indicted on two counts of felonious assault against a peace officer, in violation of R.C. 2903.11(A)(2). Count One alleged a felony of the second degree and Count Four, a felony of the first degree. Statutorily, however, felonious assault on a peace officer can only be a first-degree felony. While the record does not disclose the specific justification for the court's dismissal of Count One, one can reasonably surmise it did so because it did not reflect the proper felony level as codified under R.C. 2903.11(D)(1)(a). ("If the victim of a violation of [R.C. 2903.11(A)] is a peace officer *** felonious assault is a felony of the first degree.") Because there is no felony-two felonious assault on a peace officer codified in the Ohio Revised Code, the jury could not have found appellant guilty on the dismissed count. In other words, Count One of the original indictment was a nullity ab initio.

{¶10} We acknowledge that the verdict form improperly labeled Count Four as Count One. Nevertheless, both the dismissed count and the remaining count charged appellant with the same nominal crime. As a result, it cannot be said appellant was convicted of an offense for which he was not indicted. Hence, the trial court's failure to refer to the correct count in the verdict forms, even if an error, did not deprive it of jurisdiction to impose sentence on the otherwise proper verdict. *State ex rel. Dothard v. Warden, Trumbull Correctional Inst.*, 11th Dist. No. 2002-T-0145, 2003-Ohio-325, at ¶9 (even assuming a verdict form includes an error, such an error is procedural and therefore does not affect the court's jurisdiction to impose sentence on the verdict). The

record indicates that the jury found appellant guilty of felonious assault and also found the additional aggravating element that the victim was working as a peace officer at the time the felonious assault occurred. The substantive aspects of the verdict form demonstrate appellant was properly convicted of felony-one felonious assault on a peace officer. We therefore hold the trial court had jurisdiction to enter sentence on that charge.

{¶11} In *State v. Martin*, 9th Dist. No. 25534, 2011-Ohio-1781, this court held that a defendant who fails to raise a challenge to a verdict form in his direct appeal is barred by res judicata from raising the argument in a subsequent proceeding. Id. at ¶7. See, also, *State v. Evans*, 9th Dist. No. 10CA0027, 2011-Ohio-1449, at ¶9 (holding that "because [the appellant] could have raised issues related to the jury verdict forms in his direct appeal, he is foreclosed from raising the issue at this time.") As appellant could have but failed to challenge the verdict form on his direct appeal, he is now precluded from raising the issue. Appellant's assignment of error is therefore overruled.

{¶12} Finally, although appellant does not raise the issue of post-release control, we shall sua sponte consider the issue because it impacts his substantial rights. See Crim.R. 52; see, also, *State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301, discretionary appeal not allowed by 116 Ohio St.3d 1479, 2008-Ohio-153. A review of the record demonstrates the trial court, in sentencing appellant, failed to properly advise him of post-release control during the sentencing hearing and in its judgment entry.

{¶13} A defendant convicted of a first-degree felony must serve a mandatory five-year term of post-release control. R.C. 2967.28(B)(1). At the sentencing hearing, however, the trial court stated: "*** upon your release you will be placed on post-release

control. That *could be up to five years.*" This statement falsely indicates appellant may be subject to a term of post-release control anywhere between one and five years. The trial court was required to notify appellant of the specific length of post-release control and alert him of its nondiscretionary nature.

{¶14} Furthermore, although the trial court's sentencing entry states appellant will serve five years of post-release control after his release, it failed to advise appellant that if he violates post-release control, the parole board could impose an additional prison term of up to one-half of his prison sentence. "Both the period of postrelease control and the possible violation sanctions must be 'included in the judgment entry journalized by the court.'" *State v. Leasure*, 9th Dist. No. 25596, 2011-Ohio-3665, at ¶5, quoting *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶11.

{¶15} "[W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶27. Only the offending portion of the sentence is subject to correction, however, and the remainder of the sentence remains valid. Id. at ¶17. For offenders sentenced after July 11, 2006, a trial court must employ the procedures set forth in R.C. 2929.191 for correcting errors in post-release control notification. R.C. 2929.191 applies to sentenced offenders who have not yet been released from prison and who fall into at least one of three categories, namely: (1) those who did not receive proper notice at the sentencing hearing that they would be subject to post-release control; (2) those who did not receive proper notice that the parole board could impose a prison term for a violation of post-release control; or (3) those who did not receive both of these statutorily-mandated

6

notices incorporated into their sentencing entries. See R.C. 2929.191(A) and (B); see, also, *State v. McKinney*, 11th Dist. No. 2010-T-0011, 2010-Ohio-6445, at ¶30.

{¶16} Appellant was sentenced on July 9, 2009, well after the enactment of R.C. 2929.191. Moreover, the transcript of proceedings and the trial court's judgment entry reflect the trial court's notification failed to meet the requirements of R.C. 2967.28. We therefore remand this matter for the limited purpose of including proper notification of post-release control pursuant to the procedures set forth in R.C. 2929.191.

{¶17} Although appellant's assigned error is not well taken, the trial court's judgment denying appellant's motion for proper sentencing order is reversed and the matter is remanded for proper post-release control notification pursuant to the procedures set forth under R.C. 2929.191.

TIMOTHY P. CANNON, P.J.,
Eleventh Appellate District,
Sitting by assignment,

DIANE V. GRENDELL, J.,
Eleventh Appellate District,
Sitting by assignment,

concur.