[Cite as *State v. Paige*, 2018-Ohio-2782.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

**STATE OF OHIO**,

Plaintiff-Appellee,

v.

**MICHAEL PAIGE**,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0146**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2012 CR 224

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
AFFIRMED IN PART; REVERSED AND REMANDED IN PART

---

*Atty. Ralph Rivera*, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Michael Paige, Pro-se*, #693-310, P.O. Box 57, Marion, Ohio 43301, for Defendant-Appellant.

Dated:  June 29, 2018

**BARTLETT, J.**

{¶1} Appellant, Michael Paige, appeals the denial of his motion for sentencing as untimely filed by the Mahoning County Court of Common Pleas. Appellant was convicted of one count of murder, in violation of R.C. 2903.02(A)(D), an unclassified felony, with a firearm specification, in violation of R.C. 2941.145(A) (count two), and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), a felony of the third degree (count three). His direct appeal, filed on February 21, 2017, is currently pending in case no. 17MA33.

{¶2} R.C. 2903.02, captioned "Murder," reads, in pertinent part:

(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.

(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

. . .

(D) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code.

{¶3} In his motion for sentencing, which the trial court construed as a motion for postconviction relief, Appellant argues that the sentencing entry, which reads, "Defendant was found GUILTY at a JURY Trial to: Count Two: Murder, a violation of Ohio Revised Code 2903.02(A)(D)," is void because he was actually convicted of felony murder. Appellant bases his argument upon clerical errors in the verdict form and judgment entry on the verdicts that identify the crime of murder in violation of 2903.02(B)(D). He further argues that his conviction violates due process because the state failed to prove the *mens rea* element of the underlying felony for felony murder. Finally, although not memorialized in an assignment of error, Appellant asserts that the

trial court failed to provide notice of postrelease control at the sentencing hearing.

{¶4} Because Appellant does not rely on any evidence dehors the record to support his constitutional claims, he is required to raise the foregoing claims in his direct appeal. As a consequence, he is procedurally barred from raising these claims in his postconviction petition. Even assuming arguendo that Appellant's claims are not procedurally barred, we find that the clerical errors in the verdict form and judgment entry on the verdicts did not have any prejudicial impact on the jury's verdicts. The record reflects that Appellant was indicted, tried, and convicted of murder, not felony murder.

{¶5} However, a sentence that does not include the statutorily-mandated term of postrelease control is void and may be reviewed at any time by collateral attack. Because the trial court failed to impose postrelease control at the sentencing hearing, this matter is remanded for a new sentencing hearing limited to the proper imposition of postrelease control and the issuance of a new sentencing entry. Accordingly, the judgment of the trial court denying the postconviction petition is affirmed in part on different grounds, and reversed in part with respect to the imposition of postrelease control.

### Facts and Procedural History

{¶6} Appellant was indicted on March 8, 2012 for one count of aggravated murder, in violation of R.C. 2903.01(A)(F), an unclassified felony (count one); with a firearm specification, in violation of R.C. 2941.145(A), one count of murder, in violation of R.C. 2903.02(A)(D), an unclassified felony (count two), with a firearm specification, in violation of R.C. 2941.145(A), and two counts of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), felonies of the third degree (counts three and four); and one count of obstructing justice, in violation of R.C. 2921.32(A)(5)(C)(4), a felony of the third degree (count five).

{¶7} The charges were based on the March 2012 shooting death of Munir Blake, a father of five, following a verbal altercation with an upstairs neighbor who was stealing his electricity. Two of Blake's children, ages nine and eleven at the time, overheard the argument between Blake, Jasmin Fletcher, who rented the upstairs part of Blake's duplex, and a third person with a high pitched voice that they thought was a

woman.

{¶8} Blake had previously confronted Fletcher after he discovered that she had run an extension cord from the basement to the second story of the duplex. Their final argument culminated with a threat from the unidentified person that he or she was going to shoot Blake. The children heard the unidentified person charge up then down the steps, while Blake and Fletcher continued to argue. Next, the children heard gunfire. They ran to their neighbor's house and called emergency services, while their father lied in the stairwell felled by nine gunshot wounds.

{¶9} In the first of two jury trials, the state proceeded on the first three counts, aggravated murder, murder, and tampering with evidence. Appellant was acquitted of the aggravated murder charge, but the jury was unable to reach unanimous verdicts on the remaining charges. In the second jury trial, where the trial court instructed the jury on both murder and the lesser included offense of voluntary manslaughter, Appellant was convicted of murder and tampering with evidence.

{¶10} The verdict form, captioned "VERDICT FORM : 1A MURDER," reads, in pertinent part, "WE, THE JURY, FIND THE DEFENDANT, MICHAEL PAIGE, *Guilty OF MURDER, IN VIOLATION OF R.C. 2903.02(B)(D)." (emphasis added.)(1/10/17 Verdict Form, p. 1.) Likewise, the judgment entry on the verdicts contains the same clerical error. (1/12/17 J.E., p. 1.)

{¶11} However, at the sentencing hearing, and in the sentencing entry, the trial court correctly cites R.C. 2903.02(A)(D) as the statutory basis for Appellant's murder conviction. The trial court sentenced Defendant to fifteen years to life for count two, and three years for count three, to run concurrently, and three years for the firearm specification, to run consecutively to the sentences on the substantive counts.

{¶12} At the sentencing hearing, the trial court did not impose a term of postrelease control. The trial court observed, "When you're released from prison, if you are released, you'd be on parole. So it's not post-release control." Defense counsel responded, "Right." (1/24/17 Sent. Hrg., p. 12.) Then, in the sentencing entry, the trial court imposed a mandatory five-year term of postrelease control. (2/7/17 J.E., p. 2.)

**Law**

{¶13} Postconviction relief allows a petitioner to collaterally attack his criminal

conviction by filing a petition to set aside the judgment. The statute affords relief from judgment where the petitioner's rights were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

**{¶14}** There are time deadlines for filing the petition. Under the prior version of the statute, a petition had to be filed no later than 180 days after the date the trial transcripts were filed in the court of appeals in the direct appeal. If no direct appeal was filed, the time started from the day the time expired for filing the appeal. See Former R.C. 2953.21(A)(2). Effective March 23, 2015, the number of days changed from 180 to 365. R.C. 2953.21(A)(2). Trial transcripts were filed on May 22, 2017 and Appellant filed the motion on August 25, 2017. Therefore, the petition was timely filed.

**{¶15}** The petitioner bears the initial burden of demonstrating, through the petition and supporting affidavits and the files and records of the case, "substantive grounds for relief." See R.C. 2953.21(C). A postconviction petition presents substantive grounds for relief if it presents a prima facie claim of actual innocence or a constitutional violation. In presenting those claims, the petition must contain factual allegations that cannot be determined by an examination of the trial record. See *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

**{¶16}** In order to resolve a postconviction petition, a trial court has three options:

> The first is to deny the petition without hearing, in accordance with the law as set forth in R.C. 2953.21 and the Ohio Supreme Court's decision in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The second is to act on the state's motion for summary judgment by applying the standards set forth in Civ.R. 56. The third is to schedule an evidentiary hearing on [the defendant's] petition, at which time the trial court, as the trier of fact, is authorized to weigh the evidence and enter judgment.

*State v. Williams*, 11th Dist. No. 2004-T-0136, 2006-Ohio-617, ¶ 27.

**{¶17}** "It is well settled that a court is not required to hold an evidentiary hearing on every petition for postconviction relief." *Williams*, supra at ¶ 19, citing *State*

*ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 619 N.E.2d 1017 (1993); *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). A trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, paragraph two of the syllabus (1999). In this analysis, the trial court is limited to weighing the evidence proffered in support of the defendant's petition, and focuses on the evidence proffered in support of the petition, rather than the evidence proffered in the state's response. See *Williams*, supra at ¶ 22.

{¶18} "A postconviction petition may also be dismissed without a hearing where the claims are barred by *res judicata*." *State v. West*, 7th Dist. No. 07 JE 26, 2009-Ohio-3347, ¶ 24. *Res judicata* bars any claim or defense that was raised or could have been raised in an earlier proceeding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*Perry*, 10 Ohio St.2d at 180-181.

{¶19} Likewise, "[t]he doctrine of *res judicata* excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition, as well as claims which could have been presented in the first action or postconviction petition." *State v. Sawyer*, 8th Dist. No. 91946, 2009-Ohio- 2391, ¶ 19, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, syllabus (1982).

**Analysis**

{¶20} Appellant advances two assignments of error, which are addressed together for the purpose of judicial economy:

Case No. 17 MA 0146

Whether a jury's verdict for **'felony murder,'** pursuant to: O.R.C. Section 2903.02(B) will lie in the absence of the **mens rea component** of an underlying - predicate offense - of violence of the first or second degree. (Emphasis in original).

Whether, and absent reversal and remand from an appellate court, a *trial court may review its former judgment (outside the provisions for arrested judgment) thereupon substantially changing a jury's verdict from a finding of guilt under: O.R.C. 2903.02(B) to 2903.02(A) in defendant's absence and without first vacating the former judgment and jury verdict.

**{¶21}** We have previously explained that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such motion is construed as a petition for postconviction relief as defined in R.C. 2953.21." *State v. Kapsouris*, 7th Dist. No. 08 MA 265, 2010-Ohio-754, ¶ 13, citing *State v. Reynolds*, 79 Ohio St.3d 158, syllabus (1997); accord *State v. McCall*, 7th Dist. No. 12 MA 57, 2012 Ohio 5604. Accordingly, the trial court correctly construed Appellant's motion for sentencing as a postconviction petition pursuant to R.C. 2953.21.

**{¶22}** However, Appellant's failure to sufficiently allege and/or establish any constitutional violation with competent and credible evidence dehors the record is fatal to his postconviction petition. In *State v. Clark*, 7th Dist. No. 06 MA 26, 2007-Ohio-2707, we upheld the dismissal of the defendant's postconviction petition after he "failed to submit any evidence from outside the original trial court record in support of these allegations." *Clark,* supra at ¶ 16. The same is true here. Appellant has not offered any evidence outside of the record, and, as a consequence, his claims are required to be raised in his direct appeal. In *State v. Martin*, 9th Dist. No. 25534, 2011-Ohio-1781, the Ninth District Court of Appeals held that a defendant who fails to raise a challenge to a verdict form in his direct appeal is barred from raising the argument in a subsequent proceeding. Id. at ¶ 7. *See, also, State v. Evans*, 9th Dist. No. 10CA0027, 2011–Ohio–1449, at ¶ 9 (holding that "because [the appellant] could have raised issues related to the jury verdict forms in his direct appeal, he is foreclosed from raising the issue at this

time.")

**{¶23}** As Appellant is required to challenge the verdict form in his direct appeal, we find that he is foreclosed from raising the issue in this postconviction proceeding. Therefore, we find that both of Appellant's assignments of error are without merit.

**{¶24}** Even assuming arguendo that Appellant's claims are not procedurally barred, we find that no constitutional claim arises from the clerical error in the verdict form and judgment entry on the verdicts. "Jury verdicts in criminal cases are to have reasonable constructions and are not to be declared void unless from necessity originating in doubt of their import or irresponsiveness to the issue submitted, or unless they show a manifest tendency to work injustice." *State v. Tebcherani*, 9th Dist. No. 19535, 2000 WL 1729456, *3 (Nov. 22, 2000), quoting *State v. McNicol*, 143 Ohio St. 39, 53 N.E.2d 808 (1944), paragraph two of the syllabus.

**{¶25}** In fact, errors in verdict forms have been considered by various Ohio intermediate courts and have survived review to the extent that they did not reveal any prejudicial impact of the jury's verdict. For instance, the verdict forms in *State ex rel. Douthard v. Warden*, 11th Dist. No.2002–T–0145, 2003–Ohio–325, contained correctly identified but incorrectly numbered counts, which resulted in guilty verdicts against Douthard on two counts for which only Douthard's co-defendant was charged. The Eleventh District Court of Appeals recognized that the charges against Douthard were clearly and consistently numbered from the time of the amended indictment to the sentencing hearing, and ultimately concluded that there was no possibility that the trial court's subsequent confusion of charges had any impact on the jury's consideration of the case.

**{¶26}** The *Douthard* Court wrote:

Pursuant to the foregoing analysis, this court holds that the discrepancy between the verdict forms in petitioner's trial and the indictment was a mere clerical error which did not affect the trial court's jurisdiction to sentence him on the two offenses. Thus, the discrepancy cannot form the basis of a viable claim in habeas corpus. In addition, since the discrepancy could only be, at best, a *possible* procedural error upon which a reversal of petitioner's conviction *might* be based, his habeas corpus

claim also is not viable because petitioner had an adequate remedy at law through a direct appeal of the conviction.

*Id.* at ¶ 15 (Emphasis in original).

**{¶27}** Similarly, in *State v. Gooden*, 9th Dist. No. CA-25677, 2011-Ohio-4993, ¶ 10, the Ninth District Court of Appeals acknowledged that the verdict form improperly labeled count four as count one, which had been dismissed, but relied on the fact that both the dismissed count and the remaining count charged Gooden with the same nominal crime. As a result, the Ninth District concluded that Gooden was convicted of an offense for which he was indicted, and the error did not affect the jury's verdict.

**{¶28}** In *State v. Peterson*, 8th Dist. No. 100897, 2015-Ohio-1013, ¶ 92, Peterson argued that there was insufficient evidence to support a conviction for having weapons while under disability because the verdict form indicated that he had a prior conviction for possession of cocaine from Cuyahoga County, instead of Lake County. The Eighth District relied upon the record that established that Peterson has a prior conviction for drug possession in Lake County and also that the jury was instructed accordingly. Moreover, counsel had stipulated to the prior conviction. The Eighth District concluded that the clerical error in the verdict form did not support Peterson's argument that there was insufficient evidence of a prior conviction.

**{¶29}** Throughout the proceedings, from the indictment to the jury charge in the second trial, the state, the defense, and the trial court referred exclusively to the crime of murder. This is not an instance where both murder and felony murder were charged in the indictment and the jury was required to choose one of the two crimes. Here, no underlying felony was charged in the indictment, no additional felony was charged that could have been mistaken for an underlying felony, and no testimony was offered with respect to felony murder. Consequently, we find that the verdict form did not create any confusion on the part of the jury, or call into question the validity of the jury's verdict.

**{¶30}** Finally, a sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. The new sentencing hearing to which an offender is entitled under *State v.*

*Bezak* is limited to proper imposition of postrelease control. *Fischer* at paragraph two of the syllabus, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.

**{¶31}** Murder is an unclassified felony generally subject to an indefinite sentence of 15 years to life. See R.C. 2903.02(A), (D); R.C. 2929.02(B)(1). See also R.C. 2901.02(A), (C) (distinguishing aggravated murder and murder from degreed felonies). Postrelease control does not apply to unclassified felonies such as aggravated murder or murder. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36 (person sentenced for aggravated murder is not subject to postrelease control as the crime is an unclassified felony); *State v. Ortiz*, 2016-Ohio-4813, 68 N.E.3d 188, ¶ 1, 4 (postrelease control does not apply to murder).

**{¶32}** Tampering with evidence is a non-violent third-degree felony, which subjects Appellant to a discretionary term of three years of postrelease control. R.C. 2967.28(C). We have recognized that a defendant convicted of both an unclassified felony and a classified felony must still be notified of postrelease control as it relates to the classified felony. *State v. Threats*, 7th Dist. No. 15 JE 0005, 2016-Ohio-8478, 78 N.E.3d 211, ¶ 20. Therefore, the trial court was required to notify Appellant that he was subject to a discretionary term of three years of postrelease control at the sentencing hearing and in the judgment entry of sentencing. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶1. Accordingly, this matter must be remanded for a limited resentencing hearing, at which the sentencing court must notify Appellant that he "may be" supervised for up to three years under R.C. 2967.28 after he is released from prison. *Id.*, ¶ 50, citing R.C. 2929.19(B)(2)(d).

### Conclusion

**{¶33}** Because Appellant does not rely on evidence outside of the record, and, therefore, is required to raise his constitutional claims on direct appeal, we are barred from considering his claims on postconviction review. Even assuming arguendo that his claims are not procedurally barred, he has failed to assert a constitutional violation.

**{¶34}** However, as the trial court failed to properly impose postrelease control at the sentencing hearing, this matter is remanded for a new sentencing hearing limited to the proper imposition of postrelease control and the issuance of a new sentencing entry.

Accordingly, the judgment of the trial court denying the postconviction petition is affirmed in part on different grounds, and reversed in part with respect to the imposition of postrelease control.

Donofrio, J., concurs.

Waite, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed in part, reversed in part and remanded. The judgement is reversed only with respect to the imposition of postrelease control and remanded for a new sentencing hearing limited to the proper imposition of postrelease control and the issuance of a new sentencing entry. The judgment is affirmed in all other respects. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**